UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

LINDSIE NEWMAN,

Defendant.

Case No. 4:24-cr-00219-DCN-6

**REPORT AND RECOMMENDATION**

On April 30, 2026, Defendant LINDSIE NEWMAN appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 221). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Superseding Indictment (Dkt. 36), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

Having conducted the change of plea hearing and having inquired of the Defendant, defense counsel, and counsel for the government, the Court finds there is a factual basis for the Defendant's guilty plea, that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered a guilty plea is an offense in a case described in subparagraph (C) of 18 U.S.C. § 3142(f)(1), subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention on February 28, 2025. (Dkt. 65). On March 10, 2025, the Court held a detention hearing; at the hearing, the government withdrew its motion for detention based upon Defendant's commitment to attending outpatient drug treatment. Accordingly, the Court ordered her released pending trial. (Dkt. 75). Defendant remained released until April 17, 2025, when the Court revoked Defendant's pretrial release and ordered her detained pending trial due to violations of her conditions of release. (Dkt. 88–89). Defendant remained in custody until July 7, 2025, when the Court granted her temporary release to participate in an inpatient substance abuse treatment program. (Dkt. 105). On August 26, 2025, a detention hearing was conducted, and Defendant was ordered released with conditions and supervision including location monitoring. (Dkt. 124). On October 28, 2025, the Court adopted proposed modifications to Defendant's conditions of release to remove the curfew and location monitoring conditions. (Dkt. 154). Defendant has been on release since that date and is in compliance with the terms of release. The Government represents that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

REPORT AND RECOMMENDATION - 2

While on re-release, Defendant has successfully completed all phases of substance abuse treatment, regained custody of her minor child, and has secured her own apartment. Defendant successfully complied with the rules and expectations of her case worker, resulting in her child protective case to be closed on April 21, 2026. (Dkt. 233).

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

### NOW THEREFORE IT IS HEREBY RECOMMENDED:

1)    The District Court accept Defendant LINDSIE NEWMAN's plea of guilty to Count One of the Superseding Indictment (Dkt. 36).

2)    The District Court order forfeiture consistent with Defendant LINDSIE NEWMAN's admission to the Criminal Forfeiture allegation in the Superseding Indictment (Dkt. 36) and the Plea Agreement (Dkt. 221).

3)    The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a

REPORT AND RECOMMENDATION - 3

result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 30, 2026

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4